## GEORGE M. CHAMBERLIN
### *v.*
### EUGENE CARY.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*alleged erroneous rulings not considered in absence of exceptions taken.* An alleged erroneous ruling of the trial court in ordering pleas to be stricken from the files cannot be considered on appeal, where no exception is taken to the ruling in the lower court.

2. SAME—*plea which is to be passed upon must be set out in the abstract.* Alleged error of the trial court in striking a plea from the files can not be considered on appeal, where the abstract of record, instead of setting forth the plea, contains only a statement of counsel that the plea *was to the effect* that another suit was pending at the time of the commencement of this suit, etc.

*Chamberlin* v. *Cary*, 67 Ill. App. 542, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

CHARLES B. STAFFORD, for appellant.

IRA W. & C. C. BUELL, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an action of assumpsit in the circuit court of Cook county by appellee, against appellant, on two promissory notes, and judgment was rendered by default for the amount due on the notes and costs of suit. The defendant appealed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed.

The principal error assigned in the Appellate Court was, "the court erred in ordering defendant's plea to be stricken from the files," and that alleged error is relied upon here to reverse the judgment of affirmance by the Appellate Court.

Appellant insists that the Appellate Court refused to consider the case upon its merits for want of a proper abstract of the record. There is nothing in the record proper from which we can determine upon what ground the judgment of affirmance was there rendered, but it is clear that the abstract filed in this court in no way presents the question as to whether the circuit court properly struck defendant's plea from the files. All that is shown by the so-called abstract in that regard is the following:

"Plea and affidavit filed February 17, 1896. Plea was to the effect that another suit was pending at the time of the commencement of this suit for an accounting between said parties, including the same two promissory notes. Replication filed February 24, 1896, setting forth that the case at bar is one for specific performance and not for an accounting. On motion of the plaintiff's attorney it is ordered that the defendant be and is hereby required to rejoin to the plaintiff's replication filed in said cause within ten days from this date.—February 25, 1896. Demurrer filed March 3, 1896, to replication. Demurrer of plaintiff's replication to defendant's plea by order of court is carried back to said plea and sustained thereto, and it is ordered that the defendant be and is hereby required to plead over within five days from this date.—March 19, 1896. Plea and affidavit filed March 24, 1896, of another suit pending at the commencement of this suit, on the same notes. Defendant's plea stricken from the files and default of said defendant taken March 31, 1896."

It needs no argument to show that nothing is thus presented from which we can determine whether the plea was a proper one or not. It is not for counsel to say what the plea was. That can only be shown by a proper abstract of the record. Moreover, no objection or exception to the ruling of the court is shown.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*